THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ROBERT WOLF | * | CIVIL ACTION NO. 08-309 |
| VERSUS | * | JUDGE ROBERT JAMES |
| BALFOUR BEATTY RAIL, INC., ET AL | * | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is the plaintiff's motion for remand.[1] (Doc. #10). The defendants oppose the motion. (Doc. #18). For the reasons stated below, the motion for remand is **DENIED**.

### I. BACKGROUND

Plaintiff Robert Wolf filed suit in the Sixth Judicial District Court, Madison Parish, Louisiana, on January 25, 2008. (Doc. #1-1). The plaintiff served two of the three defendants, Balfour Beatty Rail, Inc. and Kansas City Southern Railway Co., on February 4, 2008. The plaintiff served the remaining defendant, Hubert Brown, on February 5, 2008. (Doc. #1, p.2). The defendants timely removed the case on March 4, 2008. (Doc. #1).

The plaintiff filed the instant motion on March 20, 2008. In the motion, the plaintiff stated that the defendants had no objection to remand. (Doc. #10, p.3). The undersigned granted the motion to remand on April 7, 2008, in reliance on plaintiff's statement that there was no opposition from the defendants. (Doc. #13). On the following day, the defendants filed a motion

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

for reconsideration, in which they averred that there had been a misunderstanding and that they did indeed oppose the motion. (Doc. #15, ¶ 6). The defendants contend that their consent to the remand – the plaintiff's representations to the contrary notwithstanding – was conditional. The defendants indicated that they would consent only "provided that a binding stipulation was executed and filed by plaintiff." (*Id.*). Moreover, the defendants argue that the stipulation that the plaintiff did submit, (Doc. #10-1), "is insufficient to establish a legal certainty that plaintiff's damages and/or recovery cannot exceed $75,000." (*Id.* at ¶ 7). While the defendants sought reconsideration of order for remand, they indicated that they would withdraw their objections should the plaintiff execute the defendants' proposed affidavit stipulation. (*Id.* at ¶ 9).

Based on the defendants' representations, the undersigned granted their motion to reconsider and issued an order allowing the plaintiff to seek leave of court to file a reply brief. (Doc. #16). To date, the plaintiff has not sought leave to file a reply brief, even though the court-imposed deadline for doing so has passed. (*See* Doc. #16). Moreover, there is no indication that the plaintiff has executed the defendants' proposed stipulation. (*See* Doc. #18-1-D).

## II.  LAW & ANALYSIS

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)). In this case, the defendants assert that federal jurisdiction exists on the basis of diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The plaintiff concedes diversity of the

parties; he disputes the defendants' contention that the amount in controversy requirement is met.

Where, as here, "the plaintiff's complaint does not allege a specific amount of damages,[2] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1409, *quoting De Aguilar v. Boeing Co. ("De Aguilar I")*, 11 F.3d 55, 58 (5th Cir.1993). "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to the plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000." *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D.La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12). Here, the defendants contend that: (a) They have post-removal evidence establishing that the amount in controversy exceeded $75,000 at the time of removal; and (b) The plaintiff's affidavit stipulation, (Doc. #10-1), does not establish to a legal certainty that plaintiff's recovery cannot exceed $75,000.

### A.    The Defendants Have Met Their Burden

---

[2] Louisiana law prohibits plaintiffs from claiming a specific dollar amount of damages. LA. CODE CIV. PROC. ANN. art. 893(A)(1).

The defendants have submitted copies of the plaintiff's medical bills and other records to support their contention that the amount in controversy exceeds $75,000. (*See* Doc. #18-1). These documents indicate that the plaintiff has incurred medical bills of $18,495.53 and property damage amounting to an additional $3,975.00. In addition, the medical records indicate a likelihood that the plaintiff will incur additional medical bills. For example, the plaintiff's treating physician noted that the plaintiff would likely need to return to an orthopedist for an MRI or arthroscopy. The plaintiff's past and future expenses, when combined with a possible award for general damages,[3] establish that the amount in controversy more likely than not exceeded $75,000 at the time of removal.

    **B.**    **The Plaintiff's Stipulation's Is Insufficient To Warrant Remand**

The plaintiff's affidavit, which is only one sentence long, indicates that the plaintiff "stipulates to the fact that the claims asserted herein are less than $75,000.00 and do not exceed the threshold for diversity in federal court." (Doc. #10-1). Critically, the plaintiff does not aver that he will not accept damages in excess of $75,000, nor does he specifically waive or renounce his right to recover more than $75,000. *See Dressler v. State Farm Fire & Cas. Co.*, No. 07-1780, 2007 U.S. Dist. LEXIS 96121 (W.D.La. Dec. 4, 2007), *accepted by* No. 07-1780, 2008 U.S. Dist. LEXIS 4680 (W.D.La. Jan. 22, 2008) (citing *De Aguilar*, 47 F.3d 1404). As a result, the stipulation does not establish with legal certainty that the plaintiff will be unable to recover more than $75,000, making remand of this matter inappropriate.

    **III.**    **CONCLUSION**

---

[3] Plaintiff claims to have sustained physical injuries, pain and suffering; mental anguish and distress; medical expense; and property damages, including loss of use and depreciation. (Doc. #1-1).

For the aforementioned reasons the motion to remand (Doc. #10) is **DENIED**.

**THUS DONE AND SIGNED** this 22nd day of April, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE